United States Court of Appeals

Fifth Circuit

**F I L E D**

**July 21, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 04-10041
Summary Calendar

CHASE AGRI-CREDIT SYSTEM, INC.,

Plaintiff-Appellee,

VERSUS

JACK SPEARS DRILLING COMPANY, INC; JACK SPEARS; MAGGIE SPEARS,

Defendants-Appellants.

Appeal from the United States District Court
For the Northern District of Texas, Lubbock
USDC No. 02-CV-252

(                              )

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Chase Agri-Credit System, Inc. (hereinafter "Chase") is a Kansas corporation engaged in the business of financing and/or purchasing accounts receivable generated by other businesses, primarily farm implement companies. On September 4, 1996, Chase entered into a written agreement with Jack Spears Drilling Company,

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Inc. (hereinafter "JSDC") whereby Chase agreed to purchase or take assignment of various accounts of customers of JSDC on an ongoing basis at a discount of two percent. The agreement further obligated JSDC to repurchase from Chase one hundred percent of any accounts that they determined "for any reason" to be uncollectible. The agreement was signed by the president of Chase and by Jack Spears in his capacity as president of JSDC. The agreement was also signed by Jack and Maggie Spears as the principal owners of JSDC in their individual capacities as guarantors. On various dates ranging from March, 2001 to July, 2002, Chase charged back to JSDC various delinquent accounts and made demand on JSDC and the Spears to buy back such delinquent accounts. On October 18, 2002, Chase filed suit in the United States District Court for the Northern District of Texas, Lubbock Division against JSDC and Jack Spears and Maggie Spears for breach of their contract agreements as to the delinquent accounts. JSDC and the Spears filed a timely answer asserting various defenses. On July 15, 2003, Chase moved the district court for summary judgment on the grounds that JSDC and the Spears had failed to produce any evidence to show that there was a genuine issue of fact as to any of their defenses. On December 3, 2003, the district court entered a twenty-five page memorandum and order granting Chase's motion for summary judgment and entered a final judgment on February 10, 2004, in favor of Chase. JSDC and the Spears timely appealed to this Court. We have carefully reviewed, the record excerpts and relevant portions of

2

the record itself.  For the reasons stated by the district court in its memorandum and order filed on December 3, 2003, we affirm the final judgment filed in this cause on February 10, 2004.  AFFIRMED.